1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10                  FOR THE DISTRICT OF OREGON

11                      PORTLAND DIVISION

12   PAULA V. BEYER,                )
                                    )
13                  Plaintiff,      )
                                    )     No.  CV-09-1006-HU
14        v.                        )
                                    )
15   COMMISSIONER, Social Security  )
     Administration,                )     FINDINGS & RECOMMENDATION
16                                  )
                    Defendant.      )
17   _____ )

18   Richard A. Sly
     1001 S.W. Fifth Avenue, Suite 310
19   Portland, Oregon 97204

20   Linda S. Ziskin
     P.O. Box 2237
21   Lake Oswego, Oregon 97035

22        Attorneys for Plaintiff

23   Dwight C. Holton
     UNITED STATES ATTORNEY
24   District of Oregon
     Adrian L. Brown
25   ASSISTANT UNITED STATES ATTORNEY
     1000 S.W. Third Avenue, Suite 600
26   Portland, Oregon 97204-2902

27   / / /

28   / / /

1 - FINDINGS & RECOMMENDATION

1

Lisa Goldoftas
SPECIAL ASSISTANT UNITED STATES ATTORNEY

2

Office of the General Counsel
Social Security Administration

3

701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

4

    Attorneys for Defendant

5

HUBEL, Magistrate Judge:

6

    Plaintiff Paula Beyer brought this action for judicial review

7

of the Commissioner's decision to deny plaintiff supplemental

8

security income.  The parties stipulated to a remand for additional

9

proceedings.  Judgment was entered September 27, 2010.

10

    Plaintiff now moves for an award of attorney's fees under the

11

Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), in the amount

12

of $5,386.54.  Although defendant stipulates to the award, I

13

recommend that the motion be granted in part and denied in part,

14

and that plaintiff be awarded $3,488.95 in EAJA fees.

15

    EAJA requires an award of attorney's fees to prevailing

16

parties in civil actions against the United States unless the

17

position of the United States was substantially justified.  28

18

U.S.C. § 2412(d)(1)(A).  Plaintiff was the prevailing party.  I

19

construe defendant's stipulation to the fee motion as a concession

20

that the government's position was not substantially justified.

21

    The court exercises discretion in awarding fees under EAJA.

22

See Rodriguez v. United States, 542 F.3d 704, 709 (9th Cir. 2008)

23

(court of appeals reviews district court award of fees under EAJA

24

for abuse of discretion); see also Webb v. Ada County, 195 F.3d

25

524, 527 (9th Cir. 1999) (district court possesses "considerable

26

discretion" in determining the reasonableness of a fee award).  The

27

fee award is a combination of the number of hours reasonably

28

2 - FINDINGS & RECOMMENDATION

1  worked, multiplied by a reasonable hourly rate.

2        The attorney timesheet appended to plaintiff's motion shows

3  that attorney Linda Ziskin spent a total of 27.5 hours on this case

4  (2.2 hours in 2009, and 25.3 hours in 2010).   Her co-counsel,

5  attorney Richard Sly, spent a total of 3.4 hours (1.9 hours in

6  2009, and 1.5 hours in 2010).  The total hours for both lawyers is

7  30.9.

8        The parties entered into the stipulated remand in this case

9  after plaintiff filed a twenty-page opening memorandum which raised

10  several alleged errors by the Administrative Law Judge (ALJ)

11  including failing to properly consider the opinions of treating and

12  examining physicians, failing to assess all of plaintiff's

13  medically determinable impairments, rendering a flawed residual

14  functional capacity assessment, and failing to present a vocational

15  hypothetical to the vocational expert.   The stipulated remand

16  requires the ALJ, on remand, to (1) hold a *de novo* hearing, (2)

17  further evaluate the medical source opinions of the consulative

18  psychologist and plaintiff's treating physician, (3) evaluate

19  plaintiff's diagnosed obesity, (4) evaluate a particular lay

20  witness statement, (5) reevaluate plaintiff's past relevant work,

21  credibility, and residual functional capacity, and (6) complete th

22  e sequential evaluation process.

23        While plaintiff's counsel achieved a favorable result for

24  their client, the total hours are unreasonable given that the

25  government voluntarily agreed to a remand after the filing of the

26  opening memorandum.   As Judge Mosman noted in a 2007 opinion,

27  "[t]here is some consensus among the district courts that 20-40

28  hours is a reasonable amount of time to spend on a social security

3 - FINDINGS & RECOMMENDATION

1    case that does not present particular difficulty."   Harden v.

2    Commissioner, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007) (citing

3    cases).   Judge Mosman agreed that absent unusual circumstances or

4    complexity, "this range provides an accurate framework for

5    measuring whether the amount of time counsel spent is reasonable."

6    Id. at 1216.

7        Here, if the case had not settled, plaintiff's counsel would

8    have expended additional hours in filing a reply memorandum, making

9    the total well into the upper end of the reasonable range.   This

10   case involved a fairly long record at almost 700 pages, and several

11   discrete issues, but it was not unusual or complex.

12       The timesheet shows a few entries for purely administrative or

13   clerical tasks which should not be considered compensable as

14   attorney's fees.   See Missouri v. Jenkins, 491 U.S. 274, 288 n.10

15   (1989) ("purely clerical or secretarial tasks should not be billed

16   at a paralegal [or lawyer] rate, regardless of who performs them.

17   . . .   [The] dollar value [of non-legal clerical work] is not

18   enhanced just because a lawyer does it."); Gough v. Apfel, 133 F.

19   Supp. 2d 878,  881 (W.D. Va. 2001) ("[p]urely clerical activities,

20   regardless of who performs them, are considered overhead and are

21   not compensable as EAJA attorney fees.").

22       The following billing entries are not subject to payment as

23   EAJA attorney's fees:

24       0.2 hours by Sly on April 20, 2010, for docketing the opening

25   brief;

26       0.1 hours by Ziskin on February 26, 2010, for receiving and

27   docketing transcript;

28       0.1 of the 0.7 hours by Ziskin on June 21, 2010, for filing

4 - FINDINGS & RECOMMENDATION

1  the opening memorandum;

2      0.1 hours by Ziskin on August 9, 2010, for downloading an

3  electronic case filing notice; and

4      0.1 hours by Ziskin on September 27, 2010, for downloading the

5  court's judgment and calendaring for fees.

6      With more than one attorney working on a case, I review the

7  time spent for any overlapping time.   While co-counsel must work

8  together, which requires time spent meeting and talking, it is

9  inappropriate to expect reimbursement from the opposing party for

10  both counsel's time.   Here, Sly spent 0.7 hours on May 28, 2009,

11  reviewing the file after the Appeals Council's denial and

12  determining whether to proceed with a federal court complaint and

13  the *in forma pauperis* affidavit.   Subsequent entries make clear

14  that he did not actually draft the complaint on that date because

15  he separately billed, on following dates, time for discussing the

16  process of filing a complaint with his client, proceeding with the

17  *in forma pauperis* affidavit and the complaint, and then getting an

18  extension from the Appeals Council for filing the case here.

19      Ziskin also spent time on reviewing the file and evaluating

20  the case.   On August 11, 2009, she spent 2.2 hours evaluating the

21  case, reviewing the Appeals Council's decision, conferring with

22  Sly, and conferring with the client.   Thus, the record shows that

23  both Sly and Ziskin are billing for time spent on the same task,

24  namely reviewing the Appeals Council's decision and evaluating the

25  case for filing in federal court.   I deduct the full amount of time

26  billed by Sly on May 28, 2009, and award the 2.2 hours to Ziskin.

27      On September 13, 2010, Sly billed 0.4 hours for conferring

28  with Ziskin regarding defendant's proposed remand.   Ziskin lists

5 - FINDINGS & RECOMMENDATION

1   0.8 hours on "9/11-9/14/10" for time spent on emails regarding the

2   stipulated remand, conferring with lead counsel and the client,

3   responding to defendant, and accepting the offer.   Thus, both

4   Ziskin and Sly bill for the same task of evaluating the remand

5   offer and conferring with each other.   I deduct the full amount of

6   time billed by Sly on September 13, 2010, and award the 0.8 hours

7   to Ziskin.

8       Finally, Ziskin spent a total of 23.3 hours in reviewing the

9   transcript, outlining the ALJ's decision, and working on the

10  opening memorandum.[1]   As noted above, while the record was long and

11  counsel achieved a positive result for their client, this is simply

12  an unreasonable amount of time to spend preparing for and drafting

13  a twenty-page opening memorandum which presented no complex or

14  unique issues.   I recommend concluding that 14 hours is a

15  reasonable amount of time.   Thus, I deduct 9.3 hours from Ziskin's

16  time.

17      After making the above deductions, the amount of time allowed

18  is as follows:   1.2 hours for Sly in 2009; 0.9 hours for Sly in

19  2010; 2.2 hours for Ziskin in 2009; 15.6 hours for Ziskin in 2010.

20  The total number of hours allowed is 19.9.

21      EAJA sets a ceiling of $125 per hour "unless the court

22  determines that an increase in the cost of living . . . justifies

23  a higher fee."   28 U.S.C. § 2412(d)(2)(A).   To adjust for the cost

24  of living, the Ninth Circuit applies the consumer price index for

25

26      [1]   23.3 hours is the sum of her billing entries from June
27  16, 2010, June 17, 2010, June 18, 2010, June 20, 2010, and June
    21, 2010, less the 0.1 of the 0.7 billed on June 21, 2010, which
28  was already deducted as clerical.

6 - FINDINGS & RECOMMENDATION

1   all urban consumers (CPI-U).  <u>Jones v. Espy</u>, 10 F.3d 690, 692-93

2   (9th Cir. 1993) (CPI-U for all items, not just legal services,

3   applies).

4        The EAJA-adjusted hourly rate for 2009 is 172.24[2], and for

5   2010 is 175.96[3].  Multiplying the total number of 2009 hours (3.4)

6   by the 2009 rate produces the sum of $585.61.  Multiplying the

7   total number of 2010 hours (16.5) by the 2010 rate produces the sum

8   of $2,903.34.  The total for both years is $3,488.95.

9                            CONCLUSION

10       I recommend that plaintiff's motion for EAJA fees [23] be

11  granted in part and denied in part and that plaintiff be awarded

12  $3,488.95 in fees.

13                         SCHEDULING ORDER

14       The Findings and Recommendation will be referred to a district

15  judge.  Objections, if any, are due March 15, 2011.  If no

16  objections are filed, then the Findings and Recommendation will go

17  under advisement on that date.

18  / / /

19  / / /

20  / / /

21  _____

22       [2]  The CPI-U for 2009 is 214.537 (table available at
    http://www.bls.gov/cpi/#tables), making $172.24 the adjusted
23  hourly rate for 2009.  <u>See</u> <u>Ramon-Sepulveda v. INS</u>, 863 F.2d 1458,
    1463 n.4 (9th Cir. 1988) (explaining formula as EAJA ceiling
24  (presently $125/hour), x the CPI-U for current month/CPI-U for
    month Congress adopted current ceiling.  155.7 is the CPI-U for
25  March 1996, the month Congress adopted the $125/hour rate).

26       [3]  The CPI-U for December 2010 (the most recent month for
27  which information is available) is 219.179.  The adjusted hourly
    rate for 2010 is $175.96.
28

    7 - FINDINGS & RECOMMENDATION

1      If objections are filed, then a response is due April 1, 2011.

2   When the response is due or filed, whichever date is earlier, the

3   Findings and Recommendation will go under advisement.

4      IT IS SO ORDERED.

5                    Dated this 25th day of   February, 2011

6

7

8                                   /s/ Dennis James Hubel
                                    Dennis James Hubel
9                                   United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8 - FINDINGS & RECOMMENDATION