IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PAULA J. BEYER,                               09-CV-1006-HU

        Plaintiff,                        ORDER

v.

COMMISSIONER, Social
Security Administration,

        Defendant.


RICHARD A. SLY
1001 S.W. Fifth Avenue
Suite 310
Portland, OR 97204
(503) 224-0436

LINDA S. ZISKIN
P.O. Box 2237
Lake Oswego, OR 97035
(503) 889-0472

        Attorneys for Plaintiff

1 - ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2531

          Attorneys for Defendant

**BROWN, Judge.**

     Magistrate Judge Dennis James Hubel issued Findings and Recommendation (#24) on February 25, 2011, in which he recommends the Court grant in part and deny in part Plaintiff's Stipulation (#23) for EAJA Fees.  Plaintiff filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**I.   Background**

     Plaintiff Paula Beyer brought this action for judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.

1 - ORDER

On September 21, 2010, the parties entered into the stipulated remand of this matter after Plaintiff filed an opening Memorandum. In his Memorandum, Plaintiff contended the Administrative Law Judge (ALJ) erred by failing to properly consider the opinions of treating and examining physicians, failing to assess all of Plaintiff's medically determinable impairments, rendering a flawed residual functional capacity assessment, and failing to pose a hypothetical to the vocational expert. The stipulated remand requires the ALJ (1) to hold a *de novo* hearing; (2) to further evaluate the medical source opinions of the consulative psychologist and Plaintiff's treating physician; (3) to evaluate Plaintiff's obesity; (4) to evaluate a lay-witness statement; (5) to reevaluate Plaintiff's past relevant work, credibility, and residual functional capacity; and (6) to complete the sequential evaluation process.

On September 21, 2010, Plaintiff filed a Stipulation for EAJA Fees in which she sought attorneys' fees in the amount of $5,386.54 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

On February 25, 2011, Magistrate Judge Hubel issued Findings and Recommendation in which he acknowledged Plaintiff had achieved a favorable result, but he concluded Plaintiff's total hours of work expended on this matter (30.9) were unreasonable. In particular, Magistrate Judge Hubel found the following time

1 - ORDER

was not compensable: (1) .6 hours for purely administrative or clerical tasks, (2) 1.1 hours of attorney Richard Sly's time spent on tasks duplicated by attorney Linda Ziskin; and (3) 9.3 hours of Ziskin's time spent reviewing the transcript, outlining the ALJ's decision, and working on the opening memo.

## II. Standard

The court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel. 28 U.S.C. § 2412(d)(2)(A). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). *See also United States v. Real Property Known as 22249 Dolorosa Street*, 190 F.3d 977, 985 (9th Cir. 1999)(same). "The Court must provide a 'concise but clear explanation' of its reasons for a fee award." *Echtinaw v. Astrue*, 2009 WL 6040072, at *2 (W.D. Wash. Dec. 9, 2009)(quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).

> There is no hard-and-fast cap on attorney fee awards that should be applied regardless of the circumstances. *See, e.g., Patterson*, 99 F. Supp. 2d at 1214 n.2 (collecting cases involving reasonable EAJA fee awards between 20 and 54.5 hours); *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill. 1998)(awarding attorney's fees for 65.75 hours of district court litigation). This Court has previously approved attorney fee awards in Social Security cases for work exceeding that requested by plaintiff in this case. *See, e.g., Vessel v. Astrue*, C08-0949-RSL, Report and Recommendation (Sept. 19, 2009)(recommending a reduced fee award for 53.8 hours, which included 48.5 hours for the underlying litigation and 5.3

1 - ORDER

>hours for the EAJA fee application), adopted
>without objections by Order on Plaintiff's Motion
>for EAJA Fees (Oct. 20, 2009); *Burleson v. Astrue*,
>C07-2019RSL, Report and Recommendation (Jan. 13,
>2009)(recommending a reduced fee award for 49.3
>hours, which included 43.9 hours for the
>underlying litigation and 5.4 hours for the EAJA
>fee application), adopted without objections by
>Order on Plaintiff's Motion for EAJA Fees (Feb. 9,
>2009); *Riley v. Barnhart*, C04-168JLR, Report and
>Recommendation (Mar. 8, 2005)(recommending a
>reduced fee award for 49.2 hours, which included
>45.2 hours for the underlying litigation and 4
>hours for the EAJA fee application), adopted
>without objections by Order on Plaintiff's Motion
>for EAJA Fees (Mar. 28, 2005).

*Echtinaw*, 2009 WL 6040072, at *3.

### III. Discussion

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).

In her Objections, Plaintiff asserts the number of hours expended by counsel in this matter was reasonable. Plaintiff notes her opening brief contained ten arguments against the Commissioner's decision. In addition, the administrative record was 700 pages and the stipulated remand was unusually detailed and included six issues that needed to be resolved on remand.

1 - ORDER

### A. Clerical tasks

As noted, the Magistrate Judge declined to award Plaintiff .2 hours of Sly's time and .4 hours of Ziskin's time both at $175.96 per hour spent on purely administrative or clerical tasks. It is clear that "purely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). *See also Costa v. Astrue*, No. 90-CV-6048-HU, 2011 WL 221837, at *1 (D. Or. Jan. 18, 2011)(disallowed time spent on clerical and administrative tasks from award of attorneys' fees under EAJA). Accordingly, the Court adopts the Magistrate Judge's recommendation to disallow the time Sly and Ziskin spent on clerical or administrative tasks as identified in the Findings and Recommendation.

### B. Duplicated time

The Magistrate Judge also declined to award Plaintiff .7 hours of Sly's time at $172.24 per hour and .4 hours of Sly's time at $175.96 per hour spent on tasks that duplicated work performed by Ziskin. As noted, the Supreme Court has made clear that redundant hours should be excluded from the fee award. Accordingly, the Court adopts the Magistrate Judge's recommendation to disallow the time Sly spent on the duplicative tasks as identified in the Findings and Recommendation.

1 - ORDER

### C. Reduction of Ziskin's time by 9.3 hours

The Magistrate Judge recommended disallowing 9.3 hours of Ziskin's time spent reviewing the transcript, outlining the ALJ's decision, and working on the opening Memorandum because the total requested 23.3 hours for those tasks "is simply an unreasonable amount of time to spend preparing for and drafting a twenty-page opening memorandum which presented no complex or unique issues."

Recognizing that reasonable minds may differ as to the amount of time reasonably expended preparing an opening brief in a Social Security matter, the Court notes Plaintiff's opening brief contained ten arguments against the Commissioner's decision. In addition, the administrative record was 700 pages and the Stipulated Remand was unusually detailed and included six issues that needed to be resolved on remand. Based on this record, and in the exercise of its discretion, the Court concludes 23.3 hours was not an unreasonable amount of time to spend in this matter. Accordingly, the Court declines to adopt the recommendation to reduce Ziskin's time by 9.3 hours as set out in the Findings and Recommendation.

### CONCLUSION

For these reasons, the Court **ADOPTS in part** the Findings and Recommendation (#24), **GRANTS in part** and **DENIES in part**

1 - ORDER

Plaintiff's Stipulation (#23) for EAJA Fees, and **AWARDS** Plaintiff's counsel **$5,090.01** in attorneys' fees as calculated in Exhibit 1 to this Order.

   IT IS SO ORDERED.

   DATED this 3rd day of June, 2011.

                                    _____
                                    ANNA J. BROWN
                                    United States District Judge

1 - ORDER

**Beyer v. Commissioner**
**09-CV-1006-HU**

|  | hours | rate | total |
|---|---|---|---|
| Sly disallowed hours | 0.6 | 175.96 | 105.58 |
|  | 0.7 | 172.24 | 120.57 |
|  | 1.3 |  | 226.14 |
| Ziskin disallowed | 0.4 | 175.96 | 70.38 |
| total disallowed | 1.7 |  | 296.53 |

| | |
|---|---|
| total fees requested | 5386.54 |
| total disallowed | (296.53) |
| **total fees allowed** | **5090.01** |

Exhibit 1